United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANJUM HERRERA,

    Plaintiff,

v.

THE PEPSI BOTTLING GROUP, INC., a Delaware Corporation; DIANNA CONAWAY, an individual; and DOES 1 to 100, inclusive,

    Defendants.
    /

No. C 10-02457 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER AND VACATING HEARING**

    In this removed employment action, plaintiff moves for remand back to state court for lack of subject-matter jurisdiction. Defendants concurrently move for dismissal of the sole claim against defendant Dianna Conaway, and for transfer of the suit to the Eastern District of California. Defendants removed the suit from the Sacramento County Superior Court to the wrong district, the Northern District of California, contending that Ms. Conaway was fraudulently joined and that the claim against her should be dismissed. Defendants argue that once the claim against Ms. Conaway is dismissed, the basis for subject-matter jurisdiction, diversity, will be satisfied among the remaining parties. All parties agree that defendants removed to the Northern District of California in error. Plaintiff, however, opposes the motion to transfer, reiterating that the suit should be remanded to the state court.

    Defendants who wish to remove a civil action must do so "in the district court of the United States for the district and division within which such action is pending . . . ." 28 U.S.C.

1446(a). It is plain that this suit was removed to the wrong district: the Sacramento County Superior Court is located within the Eastern District of California and defendants removed to the Northern District. The Ninth Circuit has yet to speak to the proper disposition of a suit removed to an incorrect venue. District courts, however, have for some time found that "when a case is removed to the wrong district, a federal district court can transfer the case to the correct venue rather than remand the case to state court." *Lee v. Thomas Tours & GSA , Inc.*, 1997 WL 638428, at *1 (N.D. Cal. Sept. 29, 1997) (internal citations omitted). Furthermore, remand will only "bring about additional delay and expense" when the likely result of a remand is that a suit will simply be removed again, albeit to the proper district. *Ullah v. FDIC*, 852 F.Supp. 218, 221 (S.D.N.Y. 1994). Such a scenario is the inevitable outcome here, and this order finds the argument for transfer of this matter to the Eastern District of California persuasive.

Plaintiff, citing to 28 U.S.C. 1404(a), argues that this case cannot be transferred to the Eastern District, because a case can only be transferred to a district where it "might have been brought." This proceeding, plaintiff contends, could not have been brought in the Eastern District because there is no diversity amongst the named parties and thus no subject-matter jurisdiction for this suit in federal court. The issue as to whether or not there is subject-matter jurisdiction, however, is the subject of both plaintiff's motion to remand, as well as defendants' motion to dismiss — motions that must be heard in the proper venue. If removal, remand, or dismissal are at all warranted in this suit, such determinations belong to the Eastern, not the Northern District. The undersigned, on similar facts, has ordered the transfer of a suit that was improperly removed to the Northern District of California, and there is no compelling reason to change course here. *See Setterland v. Patel*, 2006 WL 335285 (N.D. Cal. Feb. 14, 2006) (where the "case should have been removed to Hawaii, but instead was 'dropped' in the Northern District").

For the foregoing reasons, defendants' motion to transfer is **GRANTED** and this case is hereby **TRANSFERRED** to the United States District Court for the Eastern District of California. In view of the transfer, the undersigned will not rule upon the parties' pending motions to

2

dismiss and to remand. Accordingly, the August 5 hearing scheduled for those motions is **VACATED**.

 **IT IS SO ORDERED.**

Dated: July 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE